**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**WILLIAM G. TURNER, #260254**

    **Petitioner,**

**v.**            **2:05CV391**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

    **Respondent.**

**FINAL ORDER**

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition alleges violation of federal rights pertaining to petitioner's convictions on March 25, 1998, in the Circuit Court for the City of Charlottesville, Virginia, for robbery, as a result of which he was sentenced to serve eight years in the Virginia penal system.

    The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation.  The Magistrate Judge filed his report recommending dismissal of the petition on October 13, 2005.  By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge.  The Court received from petitioner on October 28, 2005, objections to the report.

    The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with

respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 13, 2005.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED pursuant to the statute of limitations and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's conclusion that his petition is barred by the statute of limitations, the objection is without merit.  Petitioner correctly argues that the Anti-Terrorism and Effective Death Penalty Act (AEDPA), does not provide an absolute bar to habeas petitions filed out of time.  However, petitioner is incorrect in assuming that there are any elements raised in his case that provide an exception which would permit his case to be viewed on the merits.  Without addressing petitioner's record, the facts of the case, or any other matters which the Court would in the normal and ordinary course of review be inclined to consider, there is nothing that has been presented by petitioner that suggests he is entitled to now maintain habeas action seven years after his original conviction.

To the extent that petitioner claims that he is entitled to bring this habeas action pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), because his sentence was excessive, his claim is without merit.  According to petitioner, he was charged with robbery and use of a gun in the robbery.  In return for his guilty plea to robbery, the charge of use of a gun was nolle prossed.  Thereafter, petitioner was sentenced.  Petitioner complains that while the gun charge was dismissed, his sentence for the robbery incorporated his use of a gun in the commission of the robbery.  Relying upon the decision in Blakely, in

which the Court ruled that any act used to enhance punishment must be proved beyond reasonable doubt, petitioner asserts that he is now entitled to present a <u>Blakely</u> claim.  However, petitioner's claim fails for several reasons, the most important of which is that the state of Virginia has never had mandatory sentencing guidelines, only advisory guidelines, leaving sentencing entirely to the court.  In the absence of mandatory consequences, and when the trial judge has the right to take into account not only the presence of a gun but other matters, and may then impose punishment which, in his discretion, best reflects society's response to the crime committed, petitioner's claim does not stand.

To the extent that petitioner objects to the Magistrate Judge's recommendation that no certificate of appealability be granted, the objection is without merit.  This is a case in which the standards governing federal habeas corpus relief are well enough established that petitioner is not entitled to commit an end-run around procedure originally intended to make habeas action more effective and timely.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.  <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/Rebecca Beach Smith

**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**November 28, 2005**